251-08/DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AMERICAN STEAMSHIP OWNERS MUTUAL           08 CIV.        (        )
PROTECTION AND INDEMNITY ASSOCIATION, INC.,
                                           **VERIFIED COMPLAINT**
                    Plaintiff,

    -against-

SHIP & SHORE SERVICES LTD.; ORION SHIPPING &
TRADING LTD.; MAJOR SHIPPING INC. a/k/a MAJOR
NAVIGATION INC.; PHOENIX MARITIME CORP.;
SAPPHIRE NAVIGATION LTD.; BLUEBOURNE LTD.,
BVI; PROMETHEUS NAVIGATION INC.; QUEENS
SHIPPING CORP. a/k/a QUEEN SHIPPING CORP.;
BLACKGATE LTD.; OMEGA MARINE LTD. a/k/a
OMEGA MARITIME LTD.; and WESTKEELE LTD.,

                    Defendants.
------------------------------------------------------------------x

Plaintiff AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC. ("The American Club" or the "Club"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against the named Defendants identified in the caption, alleges upon information and belief as follows:

## JURISDICTION

1. These are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that they involve claims for breaches of marine insurance contracts. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.*, and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

## THE PARTIES

2. At all times relevant hereto, plaintiff The American Club was and still is a domestic business entity organized and existing under the laws of the State of New York, with an office and place of business at One Battery Park Plaza, New York, New York 10004.

3. At all times relevant hereto, defendant SHIP & SHORE SERVICES LTD. ("SHIP & SHORE") was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at Flat 1 Block A 24 Adeola Odeku Street, Victoria Island, Lagos, Nigeria, and was the beneficial owner of a fleet of vessels including but not limited to, AFRICAN ASPHALT, AFRICAN PRINCE, GHAZI 1, GREENVILLE, MIGUEL I, SEA EXPLORER, SEA JAGUAR I (ex SEA JAGUAR) and ZOR.

4. At all times relevant hereto, defendant ORION SHIPPING & TRADING LTD. ("ORION") was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at 287 Cricklewood Lane, London NW2 2JJ, United Kingdom, and was the manager for all the registered vessel owners defendants named herein.

5. At all times relevant hereto, defendant MAJOR SHIPPING INC. a/k/a MAJOR NAVIGATION INC. ("MAJOR") was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business in care of ORION at the

address indicated in paragraph 4 above, and was the registered owner of the vessel AFRICAN ASPHALT during the period 2003–06.

6. At all times relevant hereto, defendant PHOENIX MARITIME CORP. ("PHOENIX") was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business in care of ORION at the address indicated in paragraph 4 above, and was the registered owner of the vessel AFRICAN PRINCE during the period 2003–06.

7. At all times relevant hereto, defendant SAPPHIRE NAVIGATION LTD. ("SAPPHIRE") was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business in care of ORION at the address indicated in paragraph 4 above, and was the registered owner of the vessel GHAZI 1 during the period 2002.

8. At all times relevant hereto, defendant BLUEBOURNE LTD., BVI ("BLUEBOURNE") was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business in care of ORION at the address indicated in paragraph 4 above, and was the registered owner of the vessel GHAZI 1 during the period 2002–06.

9. At all times relevant hereto, defendant PROMETHEUS NAVIGATION INC. ("PROMETHEUS") was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business in care of ORION at the address indicated in paragraph 4, and was the registered owner of the vessel GREENVILLE during the period 2003–04.

10. At all times relevant hereto, defendant QUEENS SHIPPING CORP. a/k/a QUEEN SHIPPING CORP. ("QUEENS") was and still is a business entity organized and

existing under the laws of a foreign country, with an office and place of business in care of ORION at the address indicated in paragraph 4 above, and was the registered owner of the vessel MIGUEL I during the year 2003.

11. At all times relevant hereto, defendant BLACKGATE LTD. ("BLACKGATE") was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business in care of ORION at the address indicated in paragraph 4 above, and was the registered owner of the vessel SEA EXPLORER during the period 2002–06.

12. At all times relevant hereto, defendant OMEGA MARINE LTD. a/k/a OMEGA MARITIME LTD. ("OMEGA") was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business in care of ORION at the address indicated in paragraph 4 above, and was the registered owner of the vessel SEA JAGUAR I (ex SEA JAGUAR) during the period 2003–04.

13. At all times relevant hereto, defendant WESTKEELE LTD. ("WESTKEELE") was and still is a business entity organized and existing under the laws of a foreign nation, with an office and place of business in care of ORION at the address indicated in paragraph 4 above, and was the registered owner of the vessel ZOR during the year 2003-04.

## NATURE OF THE CLAIMS

14. The American Club is a mutual protection and indemnity (P&I) club providing marine insurance to shipowners (nominal and beneficial), their managers and charterers against third-party liabilities encountered in their commercial operations.

15. From February 2002 to February 2006, the American Club provided marine insurance to the defendants herein which coverage inured to the benefit of SHIP & SHORE and ORION, as the beneficial shipowner and manager, respectively, of the fleet of vessels owned by

the other individual registered owner defendants identified herein. See Exhibit A annexed hereto.

16. Pursuant to the marine insurance contract as reflected in the Certificates of Entry, and the Club By-Laws and Rules, the registered owner defendants, the beneficial shipowner, SHIP & SHORE, and the manager, ORION, were jointly and severally liable for insurance premiums as well as additional expenses, charges, supplementary and release calls.

17. The American Club has met all of its obligations under the Certificates of Entry and the Club By-Laws and Rules.

18. Despite due demand, there are certain outstanding balances due from the defendants for premium, supplementary and release calls and other related charges in the total sum of $378,343.54 plus interest and costs, with the individual amounts due and owing as set forth below:

| | |
|---|---|
| SHIP & SHORE/ORION | $378,343.54 |
| MAJOR | $49,023.67 |
| PHOENIX | $59,722.63 |
| SAPPHIRE | $14,888.13 |
| BLUEBOURNE | $91,011.71 |
| PROMETHEUS | $14,745.99 |
| QUEENS | $11,179.32 |
| BLACKGATE | $121,692.58 |
| OMEGA | $11,427.51 |
| WESTKEELE | $14,566.00 |

See Exhibit A annexed hereto.

19. The American Club has demanded payment from defendants SHIP & SHORE and ORION and the remaining individual registered owner defendants as identified above but the defendants, in violation of their obligations under the terms and conditions of the applicable contracts, including the Certificates of Entry and the Club By-Laws and Rules, have refused or have otherwise failed to pay the outstanding marine insurance balances due.

## RULE B ATTACHMENT

20. This action is also brought in order to obtain security in favor of the American Club in respect to its claim against the defendants for outstanding marine insurance premiums and related expenses and charges, including but not limited to interest and costs.

21. After investigation, the defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendants at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

22. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by the American Club against the defendants includes:

(a) Claim against defendants SHIP & SHORE and ORION for outstanding marine insurance premiums and related expenses and charges in the sum of $378,343.54;

(b) Interest in the sum of $68,101.84 against defendants SHIP & SHORE and ORION, calculated on the above sum at the rate of 9% per annum, the statutory interest rate in the State of New York to be applied as required by American Club Rules, for two years the estimated time it will take to obtain a final judgment against these defendants;

(c) Claim against defendant MAJOR for outstanding marine insurance premiums and related expenses and charges in the sum of $49,023.67;

(d) Claim against defendant PHOENIX for outstanding marine insurance premiums and related expenses and charges in the sum of $59,722.63;

(e) Claim against defendant SAPPHIRE for outstanding marine insurance premiums and related expenses and charges in the sum of $14,888.13;

(f) Claim against defendant BLUEBOURNE for outstanding marine insurance premiums and related expenses and charges in the sum of $91,011.71;

(g) Claim against defendant PROMETHEUS for outstanding marine insurance premiums and related expenses and charges in the sum of $14,745.99;

(h) Claim against defendant QUEENS for outstanding marine insurance premiums and related expenses and charges in the sum of $11,179.32;

(i) Claim against defendant BLACKGATE for outstanding marine insurance premiums and related expenses and charges in the sum of $121,692.58;

(j) Claim against defendant OMEGA for outstanding marine insurance premiums and related expenses and charges in the sum of $11,427.51;

(k) Claim against defendant WESTKEELE for outstanding marine insurance premiums and related expenses and charges in the sum of $14,566.00;

W H E R E F O R E, Plaintiff The American Club prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claims as identified above, plus interest and costs;

b. That if the Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants as described herein, up to and including the individual sums identified in Paragraph 22 above be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-

charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendants at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

    c.  That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       May 7, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.

By: _____
Don P. Murnane, Jr. (DPM 3639)
Manuel A. Molina (MM 1017)
80 Pine Street
New York, NY 10005

## VERIFICATION

State of New York     )
                      ) ss.:
County of New York  )

GEORGE J. TSIMIS, being duly sworn, deposes and says:

That I am Senior Vice President and Head of Claims for Shipowners Claims Bureau Inc., Manager for AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., the Plaintiff herein; that the foregoing Verified Complaint is true to my own knowledge except as to those matters alleged upon information and belief and as to those matters, I believe them to be true.

That the reason this verification is made by deponent is that the Plaintiff is a corporation and deponent.

That the sources of deponent's information and the grounds of my belief as to all the matters alleged upon information and belief are the records of said corporation.

_____
GEORGE J. TSIMIS

Sworn to before me this
7th day of May, 2008

_____
NOTARY PUBLIC

MARGARET LEE
Notary Public, State of New York
No. 31-4908743
Qualified in New York County
Commission Expires October 19, 2009

# EXHIBIT A

## ORION SHIPPING AND TRADING LTD.

| VESSEL | PERIOD COVERED | COASSURED(S) AS PER COE | BENEFICIAL OWNER/ REGISTERED OWNER AS PER LLOYDS (DURING PERIOD COVERED BY CLUB) | 2002 | 2003 | 2004 | 2005 | TOTAL |
|---|---|---|---|---|---|---|---|---|
| AFRICAN ASPHALT | 11/14/01-2/20/06 | ORION SHIPPING & TRADING LTD. (MGR), MAJOR SHIPPING INC. AKA MAJOR NAVIGATION INC. (OWNER) | SHIP & SHORE SERVICES LTD. (BENEF OWNER), MAJOR SHIPPING INC. (REG OWNER) | | 14,588.13 | 11,108.20 | 23,327.34 | 49,023.67 |
| AFRICAN PRINCE | 4/25/03-2/20/06 | ORION SHIPPING & TRADING LTD., PHOENIX MARITIME CORPORATION (OWNER), SHIP AND SHORE SERVICES, LAGOS (MGR) | SHIP & SHORE SERVICES LTD. (BENEF OWNER/REG OWNER) | | 15,462.42 | 14,277.41 | 29,982.80 | 59,722.63 |
| GHAZI 1 | 4/17/02-2/20/06 | ORION SHIPPING & TRADING LTD. (MGR), SAPPHIRE NAVIGATION LIMITED (OWNER 4/17/02-6/25/02), BLUEBOURNE LIMITED, BVI (OWNER FROM 6/25/02) | SHIP & SHORE SERVICES LTD. (BENEF OWNER), BLUEBOURNE (REG OWNER 10/21/02-PRESENT) | 14,888.13 | 27,082.67 | 20,622.30 | 43,306.74 | 105,899.84 |
| GREENVILLE | 11/14/01-2/20/06 | ORION SHIPPING & TRADING LTD. (MGR), PROMETHEUS NAVIGATION INC. (OWNER THROUGH 2/20/04), SHIP AND SHORE SERVICES, LAGOS (OWNER FROM 2/20/04) | SHIP & SHORE SERVICES LTD. (BENEF OWNER/REG OWNER) | | 5,058.88 | 3,852.11 | 5,835.00 | 14,745.99 |
| MIGUEL I | 11/14/01-10/7/03 | ORION SHIPPING & TRADING LTD., QUEENS SHIPPING CORPORATION AKA QUEEN SHIPPING CORP. (OWNER) | SHIP & SHORE SERVICES LTD. (BENEF OWNER), QUEEN SHIPPING CORP. (REG OWNER) | | 11,179.32 | | | 11,179.32 |
| SEA EXPLORER (AKA SEAEXPLORER) | 11/14/01-2/20/06 | ORION SHIPPING & TRADING LTD. (MGR), BLACKGATE LTD. (OWNER) | SHIP & SHORE SERVICES LTD. (BENEF OWNER), BLACKGATE LTD. (REG OWNER) | 19,706.55 | 30,347.90 | 23,108.93 | 48,529.20 | 121,692.58 |
| SEA JAGUAR I (EX SEA JAGUAR) | 11/14/01-2/20/06 | ORION SHIPPING & TRADING LTD. (MGR), OMEGA MARINE LTD. AKA OMEGA MARITIME LTD. (OWNER 2/20/03-6/14/04), SHIP & SHORE SERVICES LTD. (OWNER FROM 6/14/04) | SHIP & SHORE SERVICES LTD. (BENEF OWNER), OMEGA MARITIME LTD. (REG OWNER) | | 4,232.30 | 3,222.71 | 3,972.50 | 11,427.51 |
| ZOR | 2/18/02-2/20/06 | ORION SHIPPING & TRADING LTD. (MGR), WESTKEELE LIMITED (OWNER THROUGH 5/21/04), SHIP & SHORE SERVICES LTD. (OWNER FROM 5/21/04) | SHIP & SHORE SERVICES LTD. (BENEF OWNER), WESTKEELE (REG OWNER 3/11/02-9/19/04), SHIP & SHORE SERVICES LTD (REG OWNER 9/20/04-PRESENT) | | 5,058.88 | 3,852.12 | 5,655.00 | 14,566.00 |
| | | | UNAPPLIED CASH | (9,914.00) | | | | (9,914.00) |
| | | | | 24,680.68 | 113,010.50 | 80,043.78 | 160,608.58 | 378,343.54 |